UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNARDO MEDINA, | § | |
| No. 1181188, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 3:05-CV-0881-L |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:**  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner Bernardo Medina ("Medina" or "Petitioner") is confined at the Ramsey I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Rosharon, Texas. Respondent is the Director of the TDCJ-CID.

**Statement of the Case:**  On July 11, 2003, Petitioner pled guilty in cause number F02-01749-RE to the offense of driving while intoxicated ("DWI") enhanced by two prior DWI convictions. The trial judge sentenced Medina to 25 years imprisonment. Medina did not file an appeal.

1

On August 13, 2004, pursuant to Texas Code of Criminal Procedure article 11.07, Medina filed a habeas application challenging his conviction. *Ex parte Medina*, Appl. No. 61, 633-03 at 2 (Original Petition).[1] On February 8, 2005, Medina filed a supplement to his habeas application. *Ex parte Medina*, Appl. No. 61, 633-03 at 21 (Original Petition). The application was not forwarded to the Texas Court of Criminal Appeals until August 25, 2005. *Ex parte Medina*, Appl. No. 61, 633-03 at cover (Original Petition). On September 12, 2005, Medina filed a supplemental application entitled, "Applicant's Rebuttal to Respondent's Findings of Fact and Conclusions of Law." *Ex parte Medina*, Appl. No. 61, 633-03 at 2 (Supplemental Petition).

Petitioner filed the instant petition on March 22, 2005.[2] On October 12, 2005, Respondent filed his answer contending that Petitioner failed to exhaust state remedies, the petition is time-barred, and, in the alternative, that the petition is without merit. Medina filed his traverse on November 3, 2005. As of the date of this recommendation, Medina's state habeas petition is still pending before the Texas Court of Criminal Appeals.

---

[1] Medina filed an earlier 11.07 application challenging a separate DWI conviction. *Ex parte Medina*, Appl. No. 61,633-01. He also filed an original writ of mandamus addressing the felony conviction at issue in this case. *Ex parte Medina*, Appl. No. 61,633-02. However, it is well-settled that a petition for writ of mandamus does not constitute a "properly filed" collateral attack on a conviction. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied*, 537 U.S. 1236, 123 S. Ct. 1360 (2003).

[2] Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Medina signed his federal habeas petition on March 22, 2005. It was filed stamped in the United States Bankruptcy Court for the Southern District of Texas on April 11, 2005. The petition was transferred to the United States District Court for the Northern District of Texas on April 29, 2005. For the purposes of this recommendation, it is assumed that Medina placed his § 2254 petition in the prison mail system on the date he signed his petition.

**Findings and Conclusions:**

In his petition, Medina alleges that he was denied due process, that his guilty plea was involuntary and that he received ineffective assistance of counsel at his plea hearing. Although it is evident that Petitioner has failed to exhaust his state remedies because the Texas Court of Criminal Appeals has yet to rule on his state habeas application, the exhaustion issue need not be addressed because his § 2254 petition is time-barred.

Medina filed his § 2254 petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). It is thus subject to a one year statute of limitations. § 2244(d)(1). Absent specific circumstances set forth in Sections (d)(1)(B) through (d)(1)(D), this limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The running of the limitations period will be tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Medina pled guilty on July 11, 2003. Under Texas law, he had 30 days from the date the sentence was imposed to file a notice of appeal. Tex. R. App. P. 26.2(a)(1). However, Medina did not file an appeal. Accordingly, Medina's sentence became final for purposes of section 2244(d)(1)(A) on August 10, 2003, 30 days after his sentence was imposed. Because Medina sought no state habeas relief during the following one year time period, the limitations period for filing a § 2254 petition expired on August 10, 2004.[3] Medina' state habeas

---

[3] Federal Rule of Civil Procedure 6(a) applies to the computation of the one year limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 200-01 (5th Cir. 1998).

application, which was filed on August 13, 2004, did not toll the limitations period under § 2244(d)(2) because it was not filed until after the limitations period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Medina argues that the court should find that his article 11.07 application was filed on August 4, 2004, the day he allegedly mailed his application. However, Petitioner's attempt to invoke the so-called "mailbox rule" fails because the rule is not applicable to collateral attacks filed by prisoners in Texas state courts. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("We decline to extend the mailbox rule to the determination of filing dates for state habeas applications"). Therefore, his state habeas application was filed on the date it was file-stamped by the clerk of the convicting court, three days after the one year limitations period ended. Medina waited more than an additional seven months before filing his present habeas petition.

Notwithstanding the untimeliness of his federal petition, the limitations period may be equitably tolled under "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A "garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. Amer. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Medina has cited nothing more than his status as a *pro se* petitioner as an excuse for the delay in filing his state habeas petition. However, *pro se* status, by itself, does not excuse such a delay and does not warrant equitable tolling. *See Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir 2002) (incorrect interpretation of ADEPA filing deadlines by incarcerated *pro se* prisoner did not warrant equitable tolling); *see also Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (noting that proceeding *pro se* is not an "exceptional circumstance" that requires

4

equitable tolling).  Moreover, Medina has offered no explanation for having waited almost one year after his conviction became final before mailing his article 11.07 application.  *See Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir.1999) (holding that a petitioner who waits to file his state habeas corpus application until the limitations period is almost expired is not entitled to equitable tolling.)  Petitioners who fail to diligently seek post-conviction relief are not entitled to equitable tolling.  *See Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001).  Therefore, equitable tolling should not be applied to Medina's claims.

**RECOMMENDATION:**

For the foregoing reasons it is recommended that the district court dismiss the petition because it is time-barred.

A copy of this recommendation shall be transmitted to the Petitioner and to counsel for Respondent.

Signed this 14th day of December, 2005

                                                        Wm. F. Sanderson, Jr.
                                                       UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.